[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This post-judgement motion was brought by the defendant seeking a modification of custody. On September 22, 1997, the court (Zarella, J.) entered a judgement dissolving the marriage of Salvato and Sandra Evangelista in the above cited case. A separation agreement reached by the parties was incorporated into the judgement and made an order of the court. The judgement included an agreement that the parties would have joint legal and physical custody of the two minor children: Anthony Evangelista, born June 25, 1982 and Michael Evangelista, born September 5, 1983. The defendant is now seeking "full" custody of Anthony Evangelista.
A hearing on the defendant's motion was held on December 16, 1999. Based upon the evidence presented at that hearing, and an assessment of the credibility of the witnesses, the court finds the following facts to be true.
After the divorce of their parents in September 1997, the two children lived with their mother during the week and with their father on weekends. The mother has a two-bedroom apartment and so the boys shared one bedroom. This living arrangement became difficult for Anthony and in December 1998 he moved in with his father so that he could have his own bedroom. In September 1999 Anthony and his father had a disagreement and Anthony moved back with his mother. Both Anthony and his brother Michael are currently living with their mother.
Anthony is a 17 and one-half year old Manchester High School student who has been diagnosed with attention deficit disorder CT Page 16357 and has not done very well in school. He is currently failing algebra and is having difficulty in other courses as well. However, he is receiving extra help in math after school and has had some classes changed. In addition, the father hired a tutor over the Summer to help both boys with their school work. Testimony suggests that Anthony has been exhibiting some violent behavior tendencies, but no solid conclusions can be drawn from this evidence. For example, the father testified that in September 1999 Anthony beat up another student. The mother testified that the incident was an inappropriate school prank involving a paddling of an underclassman by Anthony and another boy. Apparently the matter was handled by school authorities and no criminal charges were filed against Anthony. Several weeks later his father observed Anthony carrying a dangerous knife on his belt. Additionally, Mr. Evangelista testified that Anthony has been associating with individuals whose reputations are suspect. Both parents testified that the boys have a fascination with knives and guns.
All of this is very distressing to the father who believes that Anthony's interests would be best served by allowing him to have control over the boy. It would appear that Anthony is a teenager with some learning and perhaps behavioral problems; however, these are not new problems. They are evident when the young man resides with his father as well as when he resides with his mother.
Mr. Evangelista wants to control the decision making process concerning Anthony's education. He also wants to supervise Anthony's out of school time and activities that relate to or have an impact upon the young man's education. He feels that Anthony should attend a structured school in Vermont but Anthony has rejected that idea. Mr. Evangelista acknowledges that even if Anthony lives with him, nothing will change unless Anthony wants it to change. He also stated that he does not want Anthony to be forced to live with him if he does not want to do so. He has not asked Anthony whether he wants to live with him.
Mrs. Evangelista is aware of her son's academic difficulties and has been in communication with the school administration in an effort to address the situation. She testified that Anthony is a gentle, sensitive and caring young man. He works as a local restaurant Monday and Tuesday evenings. His mother permits him to stay out until 10:00 or 10:30 p. m. provided his homework is done. She stated that she does not believe that Anthony would be any CT Page 16358 better off living with his father because his father works until 10:00 p. m. most days, and thus would not be home with Anthony during the evening. She testified that Anthony has stated that he does not want to life with his father. However, Mrs. Evangelista stated that if Anthony expresses a desire to live with his father she would accept that choice and would not attempt to interfere with it.
It is clear that Mr. Evangelista cares deeply for Anthony and is doing what he thinks is best for his son. He wants his son to be educated, to succeed in life, to be responsible and to be accountable. Theses are admirable goals and the father's efforts to help his son obtain an education are exemplary. He is persistent, if not relentless, in his interaction with the school authorities and in his demands that they identify and meet the needs of the young man. This has resulted in a great deal of frustration on his part, and probably a great deal of exasperation by the school teachers and administrators. He has hired an attorney to help him in his efforts to have Anthony's needs evaluated by the school authorities and to force the school system to address those needs.
Almost no custody arrangement is perfect for parents or children and this arrangement is no exception. However, the father is not precluded from championing his son's cause, as he has been doing, under the terms of the existing joint custody order. He is perfectly capable of continuing with those efforts, and this court would urge him to do so. Indeed, even Mrs. Evangelista stated that she supports those efforts. However, in the final analysis it really is up to Anthony whether to accept the help that both parents are offering to him. Full custody of the boy would give the father no more than a psychological edge in encouraging Anthony to do more and to do better. Even that slight edge will dissipate in six months when Anthony reaches the age of eighteen.
Since the issue concerning Anthony's education may be a continuing source of difficulty between the parents, the court will remind the parties that their separation agreement, which is incorporated into the judgement of the court, provides for consultation between the parents regarding the welfare and education of the children as well as a provision that "each party shall be entitled to complete, detailed information from any . . . teacher, guidance counselor or specialist attending the children for any reason whatsoever and to be furnished with CT Page 16359 copies of any reports given be any of the aforementioned to the other parent." The parties are further reminded that this is an order of the court and is applicable to both parties.
The court finds from the evidence that there have been no substantial changes in circumstances which would warrant a modification of the joint legal and physical custody order entered at the time of dissolution in this case. There is no credible or persuasive evidence that such a change in custody is in the best interest of the child. Accordingly, the motion for modification of custody is denied.
Terence A. Sullivan Superior Court Judge